UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-36-FDW

| | |
|---|---|
| LIBERTY BETH ELLIS, )<br>    aka Liberty Thompson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JON WING, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 10). Also pending is Plaintiff's Motion to Appoint Counsel, (Doc. No. 3).

**I.  BACKGROUND**

Pro se Plaintiff Liberty B. Ellis (aka "Liberty Thompson") is a prisoner of the State of North Carolina, currently incarcerated at Southern Correctional Institution in Troy, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted on March 22, 2017, in Henderson County Superior Court of attempted drug trafficking. Plaintiff was sentenced to six years and six months of imprisonment.

Plaintiff filed this action on February 14, 2018, pursuant to 42 U.S.C. § 1983, naming ten individuals as Defendants, including the Henderson County Sheriff and several of his officers; Plaintiff's court-appointed attorney in the underlying criminal action; the district attorney who prosecuted the charges against Plaintiff; and several Henderson County detectives who investigated the criminal case. (Doc. No. 1 at 2). In the Complaint, Plaintiff challenges

1

Defendants' conduct leading up to her criminal conviction, and she purports to bring the following legal claims: false arrest/false imprisonment; due process violations; slander/defamation of character; ineffective assistance of counsel; Fourth Amendment/illegal search and seizure; breach of contract; cruel and unusual punishment; prosecutorial misconduct, in the form of selective and malicious prosecution; and misuse of public office. (Id. at 11). In her claim for relief, Plaintiff seeks, among other things, damages against Defendants and an order overturning her conviction. (Id. at 12).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of her conviction or sentence. Plaintiff has not alleged, however, that her underlying conviction has been reversed or otherwise invalidated. Indeed, she has alleged that her conviction has not been reversed, and she seeks to have her conviction "overturn[ed] and expunge[ed]." (Doc. No. 1 at 12). Therefore, her claims are barred by Heck.[1]

---

[1] In addition to the fact that Plaintiff's claims are Heck-barred, various Defendants are subject to dismissal for other reasons. As a district attorney, Defendant Greg Newman is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976). As to Plaintiff's court-appointed attorney Nathan Stallings, it is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981).

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**.

3. The Clerk is directed to close this case.

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge